# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| MICHAEL MESA, BELINDA MESA § | |
| § | Civil Action No. 4:17-CV-532 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| § | |
| WELLS FARGO BANK, N.A. § | |

## MEMORANDUM ADOPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On September 1, 2017, the report of the Magistrate Judge (Dkt. #22) was entered containing proposed findings of fact and recommendations that Plaintiffs' Corrected Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. #18) be denied. Having received the report of the Magistrate Judge (Dkt. #22), having considered Plaintiffs' timely filed objections (Dkt. #23), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #22) as the findings and conclusions of the Court.

## BACKGROUND

On July 4, 2017, Defendant Wells Fargo Bank, N.A. foreclosed on the real property located at 3604 Hibiscus Drive, Wylie, Texas 75098, Plaintiffs' residential home (the "Property") (Dkt. #22). Regan Properties LLC and XQC Property LLC purchased the Property on July 4, 2017 (Dkt. #22). On or about August 22, 2017, Regan Properties LLC and XQC Property LLC thereafter filed a forcible detainer (eviction) proceeding in the Justice Court, Precinct 2, Collin County, Texas. *Cause No. 02-EV-17-00274 XQC Property LLC and Regan Properties LLC vs.*

*Michael Mesa; Belinda Mesa*. On August 31, 2017, Plaintiffs filed their Corrected Emergency Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion") seeking an *ex parte* temporary restraining order to prevent Plaintiff's eviction from the Property (Dkt. #18). On September 1, 2017, the Magistrate Judge considered the Motion and recommended that it be denied (Dkt. #22). On September 5, 2017, Plaintiffs timely filed their objections to the Magistrate Judge's Report and Recommendation (Dkt. #23).

## PLAINTIFFS' OBJECTIONS

Under the law, a party who files timely written objections to a Magistrate Judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3). The Magistrate Judge found that Plaintiffs' request for an injunction to prevent eviction seeks relief that falls outside of the Court's jurisdiction, and that Plaintiffs have also failed to show a substantial likelihood of success (Dkt. #22 at 4). Plaintiffs object to the Magistrate Judge's finding that their requested relief, the prevention of eviction, falls outside the Court's jurisdiction (Dkt. #23 at 5). Specifically, Plaintiffs object that the Magistrate Judge erred in relying on *Knoles v. Wells Fargo Bank, N.A.*, 513 Fed. App'x. 414 (5th Cir. 2013); Plaintiffs argue *Knoles* is distinguishable from the instant case (Dkt. #23 at 5).

## ANALYSIS

Plaintiffs argue that the Magistrate Judge erred in relying on *Knoles* because the petitioner in *Knoles* sought relief after eviction, whereas Plaintiffs here have requested relief in advance of and have yet to be evicted (Dkt. #23 at 5); 513 Fed. App'x 414. However, such distinction is not relevant to the decision in *Knoles* or the analysis in the instant case. The *Knoles* court denied the petitioner's request for injunctive relief on the ground that such relief is prohibited by the Anti-

Injunction Act. *Id*. at 416. The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. None of the enumerated exceptions to the Anti-Injunction Act are present in this case and importantly Plaintiffs do not allege otherwise. Accordingly, the factual difference between the *Knoles* case and the present case concerning the eviction status of the Plaintiffs is of no effect and/or moment.

Moreover, Plaintiffs fail to address the multitude of other instructive cases cited in the Magistrate Judge's Recommendation (Dkt. # 22 at n. 2), which further establish that the Court does not have jurisdiction over this matter. For instance, Plaintiffs ignore *Green v. Bank of America, N.A*, a case that is materially similar to the instant case. In *Green*, after his home was sold at a foreclosure proceeding, the petitioner sought a temporary restraining order to prevent his eviction. No. H-13-1092, 2013 WL 2417916, at *1 (S.D. Tex. June 4, 2013). Citing *Knoles*, the *Green* court denied the requested relief sought because the Anti-Injunction Act prohibited such federal court action. *Id*. Plaintiffs also ignore *Hernandez v. PreCab, Inc.*, where a petitioner asked the court to grant a temporary restraining order to forestall her eviction following the foreclosure of her property. The Court found that the Anti-Injunction Act prevented it from asserting jurisdiction in the case and cited to *Knoles* as support. 1:15-CV-275, 2015 WL 12747815, at *1 (E.D. Tex. Aug. 25, 2015).

In addition, Plaintiffs never address why the Court's precedent on this issue should be overturned, even though the Eastern District of Texas Courts have consistently held that loss of possession after foreclosure deprives the Court of jurisdiction to grant a temporary restraining order. *See Cantu v. Bank of Am., N.A.*, 4:13-CV-338, 2013 WL 12122420, at *1 (E.D. Tex. Oct.

1, 2013), *report and recommendation adopted*, 4:13CV338, 2013 WL 12122667 (E.D. Tex. Oct. 21, 2013); *Richardson v. Deutsche Bank Nat'l Tr. Co.*, 4:13-CV-171, 2013 WL 12122663, at *1 (E.D. Tex. Mar. 27, 2013), *report and recommendation adopted*, 4:13CV171, 2013 WL 12125735 (E.D. Tex. Apr. 26, 2013). Nor do Plaintiffs cite any other authority in support of their position. Accordingly, Plaintiffs' objection is overruled. The Court adopts the findings of the Magistrate Judge.

## CONCLUSION

Having received the report of the United States Magistrate Judge (Dkt. #22), having considered Plaintiffs' timely filed Objections (Dkt. #23), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #22) as the findings and conclusions of the Court.

It is therefore **ORDERED** that Plaintiffs' Corrected Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. #18) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 7th day of September, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE